UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, <br><br> Defendant. | Civil Action No. 12-0952 (CKK) |

MEMORANDUM OPINION
(May 30, 2013)

This action, brought by Plaintiff, Judicial Watch, Inc. ("Plaintiff") against Defendant, the United States Department of Justice ("Defendant"), pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), is before the Court on Defendant's unopposed [23] Motion for Summary Judgment. For the following reasons, the Court will grant Defendant's motion and dismiss this case.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and [that it] ... is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under this standard, the moving party bears the ''initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'' *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (internal quotation marks omitted). "[T]he court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of

genuine issues filed in opposition to the motion." L. Civ. R. 7(h).  In a FOIA action, the Court may award summary judgment to the government solely on the information provided in affidavits or declarations that describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977, 94 S. Ct. 1564, 39 L. Ed. 2d 873 (1974).

On May 21, 2013, Plaintiff filed a [25] Corrected[1] Response to Defendant's Motion for Summary Judgment, which states that "[a]fter carefully reviewing Defendant's motion, the Declaration of Paul A. Rodriguez, and the Vaughn Index attached thereto, Plaintiff has determined not to oppose Defendant's motion."  In view of Plaintiff's response, the Court shall "assume that facts identified by [Defendant] in its statement of material facts are admitted" in resolving the pending summary judgment motion.  L. Civ. R. 7(h).

Upon careful consideration of Defendant's submissions – specifically, Defendant's Memorandum of Points and Authorities, Statement of Material Facts As To Which There is No Genuine Dispute, Declaration of Paul A. Rodrigues, and all corresponding exhibits, *see generally* ECF No [23] – the Court finds that Defendant has amply supported its motion with detailed explanations of Defendant's search for documents responsive to Plaintiff's FOIA request and, where necessary, the application of FOIA exemptions to all records withheld in whole or in part.  The Court further finds that Defendant has conducted an adequate search of its records, properly

---

[1] Plaintiff's [26] Corrected Response to Defendants' Motion for Summary Judgment is identical to Plaintiff's original [25] Response to Defendant's Motion for Summary Judgment, which Plaintiff filed one day earlier, on May 20, 2013, with the exception that the caption of Plaintiff's original response bears an erroneous case number, which Plaintiff's corrected response rectifies.

asserted an exemption for all withheld material, and released all reasonably segregable material. Accordingly, given the absence of any contradicting facts or evidence, the Court concludes that Defendants have satisfied their disclosure obligations under FOIA and are entitled to judgment as a matter of law.  A Separate Order accompanies this Memorandum Opinion.


Date:   May 30, 2013

                                                _____/s/_____
                                                **COLLEEN KOLLAR-KOTELLY**
                                                United States District Judge